UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-05596-CAS(AJWx) | Date | May 19, 2014 |
|---|---|---|---|
| Title | DANIEL SCHECHTER V. CROWN LIFE INSURANCE COMPANY, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Jenny Wang<br>Aya Pearson |

**Proceedings:** DEFENDANT CROWN LIFE INSURANCE COMPANY'S MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT (Dkt. #23, filed April 18, 2014)

## I. INTRODUCTION

On May 13, 2013, plaintiff Daniel Schechter filed this action in Los Angeles County Superior Court against defendants Crown Life Insurance Company ("Crown"), Treloar and Heisel, Inc. ("T&H"), and Does 1-20. Dkt. #1. Defendants removed the action to this Court on August 2, 2013. Id. The complaint asserts the following claims for relief: (1) breach of contract against Crown; (2) breach of the duty of good faith and fair dealing against Crown; (3) negligence against T&H; and (4) declaratory relief against all defendants. Id.

Crown has agreed to pay plaintiff $300,000 in exchange for a release of all claims that plaintiff might have against Crown. Wang Decl. ¶ 3. On April 18, 2014, Crown filed a motion for determination of good faith settlement pursuant to California Code of Civil Procedure sections 877 and 877.6. Dkt. #23. No oppositions or objections have been filed. The Court held a hearing on May 19, 2014. After considering the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiff alleges that Crown is an insurance company authorized to do business in California, and that T&H is a licensed insurance broker doing business in California. Compl. ¶¶ 4-5. Plaintiff alleges that, in or about 1990, he requested that T&H obtain a disability insurance policy which would pay him "lifetime benefits." Compl. ¶ 12. At

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-05596-CAS(AJWx) | Date | May 19, 2014 |
|---|---|---|---|
| Title | DANIEL SCHECHTER V. CROWN LIFE INSURANCE COMPANY, ET AL. | | |

that time, plaintiff was practicing as an endodontist. Id. ¶ 3. Plaintiff avers that, pursuant to his instructions, T&H obtained a disability insurance policy numbered as 3,508,377, which was provided by Crown (the "Policy"). Id. ¶ 15. According to plaintiff, the policy became effective on January 28, 1991. Id.

Plaintiff alleges that, in 1998, he was involved in an automobile accident. Id. ¶ 16. As a result of the accident, he began to suffer intermittent, severe muscle spasms, which progressively worsened. Id. In 2002, plaintiff decided that he could no longer practice as an endodontist, and made a claim for disability coverage under the Policy. Id. ¶¶ 17-18. The Policy provides for monthly benefit payments of $7,500. Plaintiff avers that Crown made payments under the Policy until 2013. Id. ¶ 20.

Plaintiff alleges that he turned 65 on June 19, 2012, and that Crown thereafter notified him that it intended to terminate benefits under the Policy because plaintiff was no longer "totally disabled." Id. ¶ 21. Crown provided the following explanation for the termination:

> Total disability means that you are unable, due to injury or sickness, to engage in the material and substantial duties of your regular occupation. If benefits are still payable after age 65 . . . this definition changes. Total disability will then mean that you are unable, due to injury or sickness, to perform in any gainful occupation. Any gainful occupation means work for which you are reasonably suited by your education, training and experience. . . .
>
> Based on information supplied by you, we understand that you teach at USC School of Dentistry, where you supervise and evaluate graduate students. . . . Based on information supplied by your attending physician, . . . we understand that you are totally disabled from your occupation (i.e., endodontist), but you are not totally disabled from any occupation, e.g., as a teacher. Since you are working in another gainful occupation, [effective] January 28, 2013, you no longer [will receive] . . . total disability benefits . . . .

Id. (citing the Policy, attached to the Complaint as Exhibit B). Plaintiff avers that, on January 28, 2013, he did not receive his regularly scheduled payment of disability benefits. Id. ¶ 22. He thereafter filed this action. Id. ¶ 23. After the parties participated in a private mediation, Crown entered into a settlement agreement with plaintiff, in which Crown agreed to pay plaintiff $300,000 in exchange for plaintiff's release of all claims,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-05596-CAS(AJWx) | Date | May 19, 2014 |
|---|---|---|---|
| Title | DANIEL SCHECHTER V. CROWN LIFE INSURANCE COMPANY, ET AL. | | |

known and unknown, against Crown. Wang Decl. ¶ 3. The settlement agreement does not encompass plaintiff's claims against T&H. Id.

### III.   LEGAL STANDARD

California Code of Civil Procedure section 877 provides in pertinent part that:

> Where a release, dismissal with or without prejudice, or a covenant not to sue or not to enforce judgment is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort, or to one or more other co-obligors mutually subject to contribution rights, it shall have the following effect:
> . . .
> (b) It shall discharge the party to whom it is given from all liability for any contribution to any other parties.

Cal. Code Civ. P. 877. California Code of Civil Procedure section 877.6 provides in pertinent part that:

> (a)(1) Any party to an action in which it is alleged that two or more parties are joint tortfeasors or co-obligors on a contract debt shall be entitled to a hearing on the issue of the good faith of a settlement entered into by the plaintiff or other claimant and one or more alleged tortfeasors or co-obligors, upon giving notice in the manner provided in subdivision (b) of Section 1005.
> . . .
> (c) A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault.
> (d) The party asserting the lack of good faith shall have the burden of proof on that issue.

Id. § 877.6.

Typically, a defendant is entitled to a finding of good faith settlement if the settlement complies with the factors set forth in Tech-Bilt, Inc. v. Woodward-Clyde &

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-05596-CAS(AJWx) | Date | May 19, 2014 |
|---|---|---|---|
| Title | DANIEL SCHECHTER V. CROWN LIFE INSURANCE COMPANY, ET AL. | | |

Assocs., 38 Cal. 3d 488 (1985). In that case, the California Supreme Court set forth the following factors for evaluating a settlement: (1) rough approximation of plaintiff's total recovery and the settlor's proportionate liability; (2) the amount paid in settlement; (3) the allocation of settlement proceeds among plaintiffs; (4) a recognition that a settlor should pay less in settlement than he would if found liable at trial; (5) the financial conditions and insurance policy limits of the settling defendant; (6) the existence of collusion, fraud, tortious conduct aimed to injure the interests of the nonsettling defendants; and (7) the information available at the time of the settlement. Id. at 499. The "burden of proof [is] on the party challenging the settlement to 'demonstrate, if he can, that the settlement is so far 'out of the ballpark' in relation to [these factors] as to be inconsistent with the equitable objectives of the statute.'" Nutrition Now, Inc. v. Superior Court, 105 Cal. App. 4th 209, 213 (2003) (quoting Tech-Bilt, 38 Cal. 3d at 499-500).

## IV. DISCUSSION

The Court finds that Crown's settlement was reached in good faith. Applying the relevant Tech-Bilt factors confirms this result.

First, the amount of Crown's payment to plaintiff appears to be within the "reasonable range" of Crown's proportional share of potential liability to plaintiff. See Tech-Bilt, 38 Cal. 3d at 499. As an initial matter, it appears that Crown had a potentially viable defense to plaintiff's claims based on the Policy's definition of "total disability." See Compl. Ex. B. Specifically, as alleged in the complaint, it appears that the Policy defines "total disability" in such a way that plaintiff may not have been entitled to benefits after age 65, provided that he was able to engage in a "gainful occupation," namely teaching at the University of Southern California School of Dentistry. See Kullar v. Foot Locker Retail, Inc., 168 Cal. App. 4th 116, 133 (2008) (stating that a court should consider the "possible defenses" when evaluating whether a settlement was made in good faith (citation omitted)).

Additionally, the Policy provided monthly benefits of $7,500, which amounts to $90,000 annually. The settlement agreement provides for payment of $300,000 to plaintiff, which is slightly more than three times this amount. In light of Crown's potentially viable defense, $300,000 is "within the 'ballpark'" of Crown's potential

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-05596-CAS(AJWx) | Date | May 19, 2014 |
|---|---|---|---|
| Title | DANIEL SCHECHTER V. CROWN LIFE INSURANCE COMPANY, ET AL. | | |

proportionate liability, and takes account of the fact that plaintiff should receive less in a settlement than he would have received if successful at trial.[1]

Finally, there does not appear to be any collusion, fraud, or tortious conduct. In this regard, neither T&H nor any other entity has objected to the settlement agreement, and the settlement was reached with the assistance of counsel negotiating before a mediator, id. ¶ 3.

## V.   CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS Crown's motion for determination of good faith settlement.

IT IS SO ORDERED.

|  | 00 | : | 01 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |

---

[1] Crown does not provide a calculation or prediction of the likely net present value of benefits under the Policy. The Court conducted a rough calculation of the net present value of the Policy's benefits, assuming an annual discount rate of 5% and that plaintiff would live an additional 20 years beyond the date that Crown first withheld payment under the Policy. This calculation yielded a net present value of approximately $1.1 million, which is slightly less than four times the settlement amount. This figure provides additional support for the conclusion that the settlement is in the "ballpark" of Crown's potential liability, in light of Crown's potentially viable defense, and the recognition that a settling defendant should pay less than the amount it would pay if found liable at trial.